Rathmell, J.
This cause is submitted upon an agreed statement of facts, and elaborate briefs have been filed by counsel.
The action is one for damages alleged to have been caused by defendant’s interfering with the reasonable access to plaintiff’s premises by reason of constructing a dirt fill across Davis and Cable avenues within the right-of-way of the defendant railway, which portion of said streets had been theretofore vacated by the city of Columbus to effect a plan to eliminate grade crossings of defendant’s road in that vicinity. It appears from the agreed statement that the vacation of the portions of Davis and Cable avenues, and the filling of the vacated portions within defendant’s right-of-way were parts of the same plan to eliminate grade crossings.
The plaintiff’s property lies at the southeast corner of Davis and River streets, .abutting on the east side of Davis avenue *82 132.47 feet, and 115.85 feet on River street, which runs along the north side of said premises. River and Cable streets run east and west, and Davis, Darby and Sandusky streets run north and south, and run into Broad street, a main thoroughfare. Said plan of elimination did not provide for any crossing of Davis or Cable avenues over or under said railway tracks, but' did provide for a subway under said tracks at Darby street, the east line of which is situated 115 feet west of the west line of Davis avenue, and .parallel to said Davis avenue, and for a subway under said tracks at Sandusky street, the west line of which is 511.5 feet east of the east line of Davis avenue, and parallel to same.
The complaint of the plaintiff is that the easements and right-of-way over said Davis and Cable avenues were a valuable asset and appurtenance to its real estate and plant (which is that of manufacturing plows and agricultural machinery), and that by defendant’s erecting the dirt fill across said avenues, it has obstructed and destroyed the ingress and egress of plaintiff to and across said avenues; that said avenues have been in use by the citizens of the vicinity and by travelers at large for a great number of years as a means of ingress and egress to and from plaintiff’s said premises and the vicinity thereof; that said streets and plaintiff’s buildings have -been improved with reference to the location of said streets, the grade thereof, the easements in,' the right-of-way over and access to and from the, same, and that by reason of said obstructions of Davis and Cable avenues all reasonable access to and from plaintiff’s premises and business will be cut off. In short the gist of the complaint is that by constructing the fill in the vacated portions of Davis and Cable avenues, the defendant has destroyed the ingress and egress of plaintiff to and across said avenues, leaving no reasonable access to its premises as claimed.
The validity of the vacation of parts of Davis and Cable avenues within the right-of-way of the defendant railway, either impliedly by Revised Statutes, 3337-17a or by the express provisions of 2652 and 2653, Revised Statutes (General Code, 3725, *83 26, 27 and 28, and 8874) we deem established beyond question.
It is urged that case No. 56872 made a part of the agreed statement is a bar to this proceeding. Case No. 56872 was an action to enjoin the erection of the dirt fill across Davis and Cable avenues within the right-of-way of the defendant railway. This action is to recover consequential damages for closing and interrupting access by way of said avenues. We think the question of consequential damages was not necessarily involved in the injunction suit, and that the two suits are not therefore identical, nor substantially so.
The gist of the complaint lies in destroying access to the premises by means of Davis avenue from the south. The primary cause of this was vacating the portions of Davis and Cable avenues as part of the plan for eliminating grade crossings. The vacation and the fill were parts of the same plan. It is because the fill bars passage on the street in that direction that complaint is made, and not that the fill effects special injury otherwise. The fill is not an element to be considered otherwise than as blocking the passage of Davis and Cable avenues. So that in effect we have one of that class of cases involving the right of an adjoining owner to damage where a portion of a street is vacated other than that on which he abuts.
The question I apprehend is whether the plaintiff, a property owner on Davis street, has’been specially and peculiarly damaged, where a portion of the street other than the part on which its property abuts has been vacated by-the city and a fill erected on the vacated portion, destroying access to its property by means of such street, in view of the two provided ways', one 115 feet west and the other 511.5 feet east leading in the direction of the street a portion of which was closed.
The question of whether there is special and peculiar damage for the mere closing of a portion of a street, to the property of an abutter on the same street on a part of the street not closed, has resulted in a difference of opinion by the courts in different jurisdictions. The matter will be found discussed in Dillon’s Municipal Corporations, 5th Ed., Volume 3, Section 1160; in *84 Elliott’s Roads and Streets, 2d Volume, Section 1180, 3d Edition; two notes, 2 L. R. A. (N. S.), 269, and 30 L. R. A. (N. S.), 637. The Ohio cases have been ably discussed by counsel in their briefs.
“The question whether an abutting owner is entitled to receive compensation for property by the vacating of a city street in its .nature depends, it has frequently been held, upon the ability of the claimant to establish that he is specially and peculiarly damaged thereby, i. e., that he suffers an injury differing in nature and not merely in degree from that suffered by the public at large. * * * Many decisions declare that as a general rule, only property abutting upon the portion of the street closed is specially damaged by the vacation, and that only such abutter can recover damages or compensation for the taking of his. property. TIence if the property of the abutter is located on another street or on a different part of the same street, he is not entitled to compensation or damages.” Section 1160, Dillon on Munic. Cor., Volume 3, 5th Ed.
Some exceptions are noted to this rule, some courts holding that the right which an abutter has in a highway as a means of enjoying the free and convenient use of.his abutting property is special.
The abutting lot owner, in addition to his easement in the street for passage and repassage in common with the general public, has a special easement in the street appendant and appurtenant to his lot for ingress and egress — the easement of access. 67 O. S., 190; 66 O. S., 116; Elliott’s Roads and Streets, Sections 876, 883, 2d Ed.
It would seem from the case of Kinnear Mfg. Co. v. Beatty, 65 O. S., 264, that the general rule above noted is the one prevailing in this state. That to entitle a property owner on a street where a portion of the same other than the part on which he abuts has been vacated and where he has reasonable access to his property by other streets, although the distance he may have to travel in some directions may be greater than before the vacation, to any relief, the inconvenience he suffers must differ in kind from that of the general public, and not only in degree. *85 But it is contended that as to the right of an adjoining owner, the rule of damage in such ease has been altered by the more recent case of Schimmelmann v. The Lake Shore & Mich. So. Ry. Co., 83 O. S., 356.
While the court distinguished the Beatty ease from the Schimmelmann case in some particulars, it does not appear the general rule for damage in such eases was abrogated.
We think it appears from the opinion in the Schimmelmann case that the court treated it as involving the doctrine of the change of grade cases. The court discusses a number of change of grade eases.
The court in the opinion say:
“Did the plaintiffs sustain direct consequential injury to their real estate as improved to the former grade by the acts of the defendants ? * * *
“It seems that defendants rely largely on the fact that they did not depress Dille street immediately in front of plaintiff’s premises. * * *
“The acts as we have recited them make an obstruction — a change of grade — a vacation differing only in degree from a change of grade in the entire street.”
And in distinguishing the Beatty case in one particular it is stated: “Moreover there was no change of grades or excavation to inflict any inconvenience or injury.”.
In the case at bar there is no change of grade in Davis street affecting the access to plaintiff’s premises in that portion of said street on which said premises abut.
It is true the vacation and fill affect the passage of plaintiff across Davis and Cable avenues towards Broad street, but this is in common with the general public and not a subject of damage.
The slightly less convenient ways provided, is an inconvenience differing in degree from that of.the general public and not in kind; and is such as the doctrine of the general rule above noted denies to owners of property resulting from the vacation of a portion of a street not in front of his premises. 65 O. S., 264, 283; 11 O. S., 163; 19 C. C., 308.
*86 Elliott on Roads and Streets, Section 1180, citing the New York holding that' the Legislature may authorize the vacation and closing of one public way to the adjoining property owner, provided another way is left open, adds Kinner Mfg. Co. v. Beatty as in line with that doctrine.
In view of the foregoing we think that under the issues and facts presented in this ease it can not be said that the ways provided for claimant by other streets do not afford reasonable access to its property, or that it has been specially and peculiarly damaged by the elimination of the grade crossing at Davis and Cable avenues under the rule in such cases in this state, and the finding is therefore in favor of defendant with judgment accordingly.